UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY FAWCETT, | ) | CASE NO.  4:08 CV1421 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Anthony Fawcett filed a petition for Writ of Error Coram in this court on June 11, 2008.  Mr. Fawcett, who is incarcerated in the Northeast Ohio Correctional Center in Hubbard, Ohio, filed the petition against the United States.  He seeks an order from this court vacating his conviction in 1976.

*Background*

Mr. Fawcett was indicted in 1976 in the United States District Court for the Northern District of Ohio.  United States v. Fawcett, No. CR-76-30 (N.D. Ohio June 23, 1976) (Lambros, J.)  He was charged with attempt or conspiracy to possess and distribute a controlled substance in violation of 21 U.S.C. § 846. Mr. Fawcett entered a guilty plea to Count 3. He was sentenced by the court on October 15, 1976 to one year and one day, followed by a three year special parole term.

In his petition before the court, Mr. Fawcett claims that he did not knowingly and willingly enter his guilty plea in 1976. He maintains that he did not fully understand the nature of the charge against him and that his "plea was not supported by an adequate factual basis." (Pet. at 2.) While he is no longer in prison as a result of that offense, petitioner asserts that he is

"facing collateral consequences as a result of his conviction. Petitioner's invalid guilty plea would substantially worsen his sentence range in federal court." (Pet. at 2.)

*Analysis*

Mr. Fawcett argues he is entitled to coram nobis relief because the record in his 1976 case "does not show that he understood the nature of the offense to which he pled guilty." (Pet. at 5.) Citing the Supreme Court's opinion in Bradshaw v. Stumpf, 545 U.S. 175 (2005), he argues that the failure of the record to indicate that he understood the charges against him reflects a fundamental deficiency.[1]  He seeks an order from this court vacating his guilty plea, granting him leave to liberally amend his petition and a "new trial."

On August 22, 2008, petitioner filed an Amended Petition for Writ of Error Coram Nobis.  In the amended pleading, Mr. Fawcett alleges that the indictment in 1976 was duplicitous. He bases his assertion on his belief that two separate crimes were named in the same count of the indictment. Citing United States v. Ramirez-Martinez, 273 F.3d 903 (9th Cir. 2001), petitioner claims that his indictment qualifies as duplicitous because he should not have been charged with "attempted conspiracy" and "conspiracy."  Based on these assertions, Mr. Fawcett maintains the district court lacked jurisdiction to convict and sentence him.  He acknowledges he was required to object to this alleged error before trial, but claims he was not aware of "the illegal nature of the indictment until June of 2008, and thus could not bring an action for relief any sooner." (Am.

---

[1]The court will not examine petitioner's claims relative to Bradshaw inasmuch as that petitioner was a state prisoner who, unlike Mr. Fawcett, was convicted of capital murder and sentenced to death.  The Supreme Court held that remand to the Sixth Circuit was warranted to determine if imposition of the death penalty violated his right to due process.

.

Pet. at 2.)

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. §1915A; see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

*Coram Nobis*

At common law the writ of error coram nobis was used as a device for correcting fundamental errors in both civil and criminal cases. United States v. Johnson, 237 F.3d 751, 753 (6th Cir. 2001). The writ is considered "an 'extraordinary remedy [available] only under

---

[2]The relevant statute provides:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.                     . . .
>
> > (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> >
> > > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted

28 U.S.C. §1915A(b)(1).

3

circumstances compelling such action to achieve justice . . .'" United States v. Morgan, 346 U.S. 502, 511 (1954). The common-law writ of error coram nobis, also sometimes referred to as a writ of error coram vobis, was used to correct errors of fact which do not appear in the record but which affect the validity and regularity of the judgment. The writ was suspended in civil cases pursuant to Fed.R.Civ.P. 60(b), but survived in the criminal context where the Supreme Court held, in that context, that federal courts retained power to issue the writ under certain circumstances pursuant to the All Writs Act, 28 U.S.C. § 1651. See id. at 506.

Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which " 'errors ... of the most fundamental character' " have rendered " 'the proceeding itself irregular and invalid.' " United States v. Carter, 437 F.2d 444, 445 (5th Cir.) (per curiam) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)), cert. denied, 403 U.S. 920 (1971)). The proceedings leading to the petitioner's conviction are presumed to be correct, and "the burden rests on the accused to show otherwise." Morgan, 346 U.S. at 512; Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992).   A petitioner seeking such relief must demonstrate that: 1) there are "'circumstances compelling such action to achieve justice,'" id. at 167 (quoting Morgan, 346 U.S. at 511),  2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," Morgan, 346 U.S. at 512, and 3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ," Nicks, 955 F.2d at 167.

Mr. Fawcett's assertion that he did not knowingly and intelligently enter his guilty plea fails to state a reason for waiting thirty two years to seek relief. His sole explanation that he was not aware of his remedies until June 2008 is insufficient.   Petitioner fails to state how any

4

of the alleged errors were unknown at the time he entered his guilty plea in 1976.  There is no reason proffered as to why Mr. Fawcett could not have applied to withdraw his guilty plea on that basis prior to or immediately after sentencing and the entry of judgment of conviction.  If he were unsatisfied with the result, he would still have the benefit of an appeal. Mr. Fawcett has not alleged mental incompetence or any other factor to justify his extraordinary delay.

His claim of a duplicitous indictment is not only untimely, but lacks merit. By his own admission, the prosecutor allegedly amended the plea agreement to indicate petitioner was pleading guilty to "attempted possession." (Pet. at 2.)  The statute upon which petitioner's indictment was based clearly provides, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.  This is not a duplicitous charge. See United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir.1976), cert. denied, 430 U.S. 966 (1977)("indictment is duplicitous where a single count joins two or more distinct and separate offenses"). Section 846 is unequivocal, a defendant may be charged with attempting or conspiring to commit an offense. While petitioner may be attacking his plea agreement, the law is clear, "if the indictment states an offense, that is the end of things for relief in the nature of coram nobis." United States v. Keane, 852 F.2d 199, 205 (7th Cir. 1988); e.g., United States v. Hobson, 825 F.2d 364, 366 (11th Cir.1987).

Petitioner's arguments concern alleged errors of law. The writ, however, is available for errors of fact. Moore v. United States, No. 01-4316,2003 WL 22442937 (6th Cir. Oct 27, 2003). Because Mr. Fawcett alleges errors of law, which would have been readily available by reviewing the court transcripts after sentencing, he is not now entitled to the writ.

5

See id..

With respect to his contention that the district court failed to conduct a proper inquiry at the time he entered his guilty plea, petitioner has not established sound reasons why he did not earlier apply to the district court to withdraw his guilty plea based on an alleged violation of Federal Criminal Rule 11.  It is petitioner's burden to demonstrate reasonable diligence in ascertaining and presenting his claims since the government's ability to rebut the allegations of a petition diminishes with the passage of time. United States v. Darnell, 716 F.2d 479, 480 (7th Cir.1983).  Considering Mr. Fawcett's inadequate explanation for his thirty two year delay, he has not established reasonable diligence in seeking relief. See id. at 481 (twenty year delay is unreasonable); see also Telink. Inc. v. United States, 24 F.3d 42, 48 (9th Cir.1994) (five year delay is unreasonable); Johnson v. United States, 334 F.2d 880, 883-84 (6th Cir.1964) (fifteen year delay is unreasonable).   Accordingly, it is not appropriate for petitioner to question the propriety of the district court's acceptance of his  guilty plea, thirty two years ago, in a writ of error coram nobis.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 19, 2008                    s/      *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE